UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MYRIAM ZAYAS,<br><br>  Plaintiff,<br><br>  v.<br><br>DESIREE ROLLINS,<br><br>  Defendant. | Case No. C24-764RSM<br><br>ORDER TO SHOW CAUSE |

*Pro se* Plaintiff Myriam Zayas was granted leave to proceed *in forma pauperis* in this matter on June 3, 2024. Dkt. #4. The Complaint has been posted on the docket. #5. Summons has not yet been issued. The Court has determined that this case must be reviewed prior to issuing summons.

Ms. Zayas is well known to the Court, having filed roughly thirty *pro se* cases in the last four years. Most of these cases relate to state family law matters or bring claims against the people Ms. Zayas has encountered through the state family law system. *See, e.g.,* Case No. C21-581-RSM (Plaintiff sued a kindergarten teacher who testified in her child's dependency hearing); Case No. C22-642-RSM (Plaintiff sued Washington State's Secretary of the Department of Children, Youth, and Families and others alleging a conspiracy to turn Washington's child dependency process into a sham forced-adoption process); Case No. C23-

ORDER TO SHOW CAUSE - 1

5165-BHS (Plaintiff sued a regional supervisor with the state Department of Children, Youth, and Families for "stalking" her and her children for more than fifteen years and removing plaintiff's children from her without "probable cause").  In all of the above cases, the claims were dismissed, Ms. Zayas appealed, and the appeals were unsuccessful.

Last year, the undersigned issued an Order noting:

> Since 2020, Plaintiff has filed 17 different lawsuits (not including the instant action) against various Defendants in this district. In nearly all of these cases, Plaintiff alleges § 1983 civil rights violations arising from the state's dependency proceedings. Most pertinently, in *Zayas v. Owens et al.*, the parties entered a stipulation dismissing all of Plaintiff's civil rights claims "with prejudice and on the merits" against all defendants, including DCYF, in which Plaintiff agreed and acknowledged "that she cannot later file another lawsuit asserting the same claims or causes of action against defendant[] DCYF." *Owens et al.*, 2:20-cv-00650-TLF, Dkt. #44 at 1–2. The Court dismissed that action with prejudice as stipulated. *Id.* at Dkt. #45. Similarly, *Zayas v. Department of Children Youth & Families et al.* was dismissed with prejudice upon the parties' stipulation, wherein again Plaintiff agreed and acknowledged "that she cannot later file another lawsuit asserting the same claims or causes of action against . . . DCYF." *Department of Children Youth & Families et al.*, 2:20-cv-00981-JLR-TLF, Dkts. #26, 30. In both of these cases, Plaintiff raised claims under § 1983 alleging that DCYF denied her constitutional due process and equal protection rights during her still ongoing state court dependency proceedings. In *Zayas v. Department of Children Youth and Families*, the Honorable Tana Lin found Plaintiff did not plead any new facts or changes in the law since those previous cases that would justify resurrecting claims Ms. Zayas previously agreed to dismiss with prejudice. *Zayas v. Department of Children Youth and Families*, 2:22-cv-01085-TL, Dkt. #6. Judge Lin therefore found that Ms. Zayas failed to plausibly state an individual civil rights claim under § 1983 against DCYF upon which relief could be granted and dismissed her § 1983 claim with prejudice. However, Judge Lin did not dismiss her facial and as-applied constitutional challenge to RCW 13.34.030(6)(c). *Id*. Judge Lin later dismissed Ms. Zayas's remaining claims without prejudice for failure to prosecute. *Zayas*, 2:22-cv-01085-TL Dkt. #15.

ORDER TO SHOW CAUSE - 2

> Here, Ms. Zayas brings the same § 1983 claim against Defendant Ross Hunter in his capacity as Director of DCYF. By the same rationale, Ms. Zayas's once again fails to state a claim under § 1983 against Ross Hunter upon which relief can be granted and her § 1983 against this defendant must be dismissed.

Case No. C22-642-RSM, Dkt. #13 at 3–5.

More recently, Plaintiff alleged that Julie DeCamp, a "supervisor" located at a Kent Department of Social and Health Services ("DSHS") office "used her authority to remove my child with no predeprivation hearing and using a dependency order from 2 years ago." *Zayas v. DeCamp,* Case No. C24-640-RSM, Dkt. #5 at 4. That event allegedly took place on April 30, 2024. *Id*. Ms. Zayas brought a claim under § 1983 alleging race and eye color discrimination. The Court dismissed that action for failure to state a claim because Ms. Zayas appeared to be contesting a state family law court ruling; Ms. Zayas has filed an appeal. Case No. C24-640-RSM, Dkts. #6 and #8.

Ms. Zayas now alleges that Desiree Rollins, a "CPS Supervisor" located at the same Kent address as Julie DeCamp, engaged in "racial and eye color discrimination." Dkt. #5. She brings a claim under § 1983. The facts of the Complaint are very thin. She begins with "DEFENDANT IS NOT IN MY JURISDICTION BUT SHE IS SUPPOSEDLY the area administrator THERE IS NO DEPENDENCY CASE WITHOUT MY SIGNATURE ACCORDING TO THE LAW UNDER RCW 13.34.110 SHE STILL HAS MY KID IN A FOSTER HOME WITHOUT MY SIGNATURE AND AGREEMENT AND SHE IS NOT EVEN BASED IN MY CITY." *Id*. at 4 (emphasis in original). The events giving rise to the claim occurred on the same day as the *DeCamp* case, April 30, 2024. *Id*. Her statement of facts fails to orient the Court as to what happened, instead reading as a response to the Court's Order of Dismissal in the *DeCamp* case. *See id*. at 4–5 ("This claim is not frivolous a crime is

ORDER TO SHOW CAUSE - 3

happening against me right now this is not a frivolous claim…. Rooker Feldman will never apply because the state case is not in my name it's in my child's name…"). Later, Ms. Zayas states, "[s]he has violated my right to substantive due process by means of oppression, her agency has withheld my child from me for many years without my signature and consent." *Id*. at 5.

This Court will dismiss a Complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

The Court strongly believes Ms. Zayas is challenging the Court's ruling in the *DeCamp* case by filing a new lawsuit against a different person in the same state agency for the same agency action that occurred on April 30, 2024. The proper way to challenge the Court's ruling is to appeal to the Ninth Circuit, which has already happened.

To the extent Ms. Zayas is not challenging the Court's ruling in the *DeCamp* case, but is instead raising new allegations unrelated to that case, such is not at all clear from this Complaint.

The Court believes dismissal is warranted under 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons previously identified in all of her prior cases cited above. The Complaint filed by Ms. Zayas in this case does not contain adequate information. It is not possible for Defendant to respond without further details. Defendant and the Court cannot piece together Ms. Zayas's factual and legal allegations by reviewing prior cases; such allegations must be contained in a single complaint that conforms to Federal Rule of Civil Procedure 8. Furthermore, the Court believes that dismissal is warranted for the same reasons as in all her prior cases touching on her state family law matters. Ms. Zayas's new claims appear to be targeting individual people

who work for Washington State's Department of Children, Youth & Families ("DCYF") contrary to the rulings in the prior cases cited above.[1]  In Response to this Order, Ms. Zayas must write a short statement telling the Court why this case should not be dismissed as duplicative of her *DeCamp* case and for failing to state a claim upon which relief can be granted.  **This Response may not exceed six double-spaced (6) pages**.  Attachments or amended pleadings are not permitted.  The Court will take no further action in this case until Ms. Zayas has submitted this Response.

Accordingly, the Court hereby finds and ORDERS that Ms. Zayas shall file a Response to this Order to Show Cause containing the detail above **no later than Wednesday, July 3, 2024**.  Failure to file this Response will result in case dismissal.

The Court further warns Ms. Zayas that she appears to be ignoring prior Court Orders and filing numerous duplicative cases.  If she continues down this path, she may be deemed a vexatious litigant and barred from further frivolous filings.

DATED this 3rd day of June, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

---

[1] "DCYF is the state's newest agency. It oversees several services previously offered through the state Department of Social and Health Services and the Department of Early Learning. These include all programs from the Children's Administration in DSHS such as Child Protective Services' investigations and Family Assessment Response, licensed foster care, and adoption support." *About Us*, Washington State Department of Children, Youth & Families, https://dcyf.wa.gov/about/about-us (last accessed June 3, 2024).