1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MYRIAM ZAYAS, | Case No. C24-764RSM |
| Plaintiff, | ORDER OF DISMISSAL |
| v. | |
| DESIREE ROLLINS, | |
| Defendant. | |

This matter comes before the Court *sua sponte.* *Pro se* Plaintiff Myriam Zayas was granted leave to proceed *in forma pauperis* in this matter on June 3, 2024. Dkt. #4. The Complaint has been posted on the docket. #5. The Court has determined that this case must be reviewed prior to issuing summons.

Ms. Zayas is well known to the Court, having filed roughly thirty *pro se* cases in the last four years. Most of these cases relate to state family law matters or bring claims against the people Ms. Zayas has encountered through the state family law system. *See, e.g.,* Case No. C21-581-RSM (Plaintiff sued a kindergarten teacher who testified in her child's dependency hearing); Case No. C22-642-RSM (Plaintiff sued Washington State's Secretary of the Department of Children, Youth, and Families and others alleging a conspiracy to turn Washington's child dependency process into a sham forced-adoption process); Case No. C23-5165-BHS (Plaintiff sued a regional supervisor with the state Department of Children, Youth, and Families for "stalking" her and her children for more than fifteen years and removing

ORDER OF DISMISSAL - 1

plaintiff's children from her without "probable cause"). In all of the above cases, the claims were dismissed, Ms. Zayas appealed, and the appeals were unsuccessful.

Last year, the undersigned issued an Order noting:

> Since 2020, Plaintiff has filed 17 different lawsuits (not including the instant action) against various Defendants in this district. In nearly all of these cases, Plaintiff alleges § 1983 civil rights violations arising from the state's dependency proceedings. Most pertinently, in *Zayas v. Owens et al.*, the parties entered a stipulation dismissing all of Plaintiff's civil rights claims "with prejudice and on the merits" against all defendants, including DCYF, in which Plaintiff agreed and acknowledged "that she cannot later file another lawsuit asserting the same claims or causes of action against defendant[] DCYF." *Owens et al.*, 2:20-cv-00650-TLF, Dkt. #44 at 1–2. The Court dismissed that action with prejudice as stipulated. *Id.* at Dkt. #45. Similarly, *Zayas v. Department of Children Youth & Families et al.* was dismissed with prejudice upon the parties' stipulation, wherein again Plaintiff agreed and acknowledged "that she cannot later file another lawsuit asserting the same claims or causes of action against . . . DCYF." *Department of Children Youth & Families et al.*, 2:20-cv-00981-JLR-TLF, Dkts. #26, 30. In both of these cases, Plaintiff raised claims under § 1983 alleging that DCYF denied her constitutional due process and equal protection rights during her still ongoing state court dependency proceedings. In *Zayas v. Department of Children Youth and Families*, the Honorable Tana Lin found Plaintiff did not plead any new facts or changes in the law since those previous cases that would justify resurrecting claims Ms. Zayas previously agreed to dismiss with prejudice. *Zayas v. Department of Children Youth and Families*, 2:22-cv-01085-TL, Dkt. #6. Judge Lin therefore found that Ms. Zayas failed to plausibly state an individual civil rights claim under § 1983 against DCYF upon which relief could be granted and dismissed her § 1983 claim with prejudice. However, Judge Lin did not dismiss her facial and as-applied constitutional challenge to RCW 13.34.030(6)(c). *Id.* Judge Lin later dismissed Ms. Zayas's remaining claims without prejudice for failure to prosecute. *Zayas*, 2:22-cv-01085-TL Dkt. #15.

> Here, Ms. Zayas brings the same § 1983 claim against Defendant Ross Hunter in his capacity as Director of DCYF. By the same rationale, Ms. Zayas's once again fails to state a claim under § 1983 against Ross Hunter upon which relief can be granted and her § 1983 against this defendant must be dismissed.

ORDER OF DISMISSAL - 2

Case No. C22-642-RSM, Dkt. #13 at 3–5.

More recently, Plaintiff alleged that Julie DeCamp, a "supervisor" located at a Kent Department of Social and Health Services ("DSHS") office "used her authority to remove my child with no predeprivation hearing and using a dependency order from 2 years ago." *Zayas v. DeCamp,* Case No. C24-640-RSM, Dkt. #5 at 4.  That event allegedly took place on April 30, 2024.  *Id*.  Ms. Zayas brought a claim under § 1983 alleging race and eye color discrimination.  The Court dismissed that action for failure to state a claim because Ms. Zayas appeared to be contesting a state family law court ruling; Ms. Zayas has filed an appeal.  Case No. C24-640-RSM, Dkts. #6 and #8.

Ms. Zayas now alleges that Desiree Rollins, a "CPS Supervisor" located at the same Kent address as Julie DeCamp, engaged in "racial and eye color discrimination."  Dkt. #5.  She brings a claim under § 1983.  The facts of the Complaint are very thin.  She begins with "DEFENDANT IS NOT IN MY JURISDICTION BUT SHE IS SUPPOSEDLY the area administrator THERE IS NO DEPENDENCY CASE WITHOUT MY SIGNATURE ACCORDING TO THE LAW UNDER RCW 13.34.110 SHE STILL HAS MY KID IN A FOSTER HOME WITHOUT MY SIGNATURE AND AGREEMENT AND SHE IS NOT EVEN BASED IN MY CITY."  *Id*. at 4 (emphasis in original).  The events giving rise to the claim occurred on the same day as the *DeCamp* case, April 30, 2024.  *Id*.  Her statement of facts fails to orient the Court as to what happened, instead reading as a response to the Court's Order of Dismissal in the *DeCamp* case.  *See id*. at 4–5 ("This claim is not frivolous a crime is happening against me right now this is not a frivolous claim…. Rooker Feldman will never apply because the state case is not in my name it's in my child's name…").  Later, Ms. Zayas states, "[s]he has violated my right to substantive due process by means of oppression, her

ORDER OF DISMISSAL - 3

agency has withheld my child from me for many years without my signature and consent." *Id.* at 5.

On June 3, 2024, the Court issued an Order to Show Cause. That Order stated the above procedural background and said the Court "strongly believes Ms. Zayas is challenging the Court's ruling in the *DeCamp* case by filing a new lawsuit against a different person in the same state agency for the same agency action that occurred on April 30, 2024." Dkt. #6 at 4. The Court stated its belief that dismissal is warranted under 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons previously identified in all of her prior cases. The Court pointed out that Ms. Zayas's new claims appear to be targeting individual people who work for Washington State's Department of Children, Youth & Families ("DCYF") contrary to the rulings in the prior cases cited above.[1]  *Id.*  at 5. Ms. Zayas was ordered to "write a short statement telling the Court why this case should not be dismissed as duplicative of her *DeCamp* case and for failing to state a claim upon which relief can be granted." *Id.* The response was not to exceed six pages and "attachments or amended pleadings" were not permitted. *Id.*

The Court received Ms. Zayas's response on June 24, 2024. The response is a single paragraph of explanation, followed by an attached amended complaint. *See* Dkt. #7. Ms. Zayas states:

> I amended the complaint. The initial complaint was written quickly, I have since found out more information and things are still ongoing. I have sued DCYF employees before and the AAG's who defended them created completely fraudulent evidence that made what I said look like a lie. I just got my college degree and was supposed to be looking for a job not suing judges who kidnapped my children. Do you have any idea how many years I have wasted because of Defendants? I am not a lawyer, nor do I

---

[1] "DCYF is the state's newest agency. It oversees several services previously offered through the state Department of Social and Health Services and the Department of Early Learning. These include all programs from the Children's Administration in DSHS such as Child Protective Services' investigations and Family Assessment Response, licensed foster care, and adoption support." *About Us*, Washington State Department of Children, Youth & Families, https://dcyf.wa.gov/about/about-us (last accessed June 3, 2024).

ORDER OF DISMISSAL - 4

have time to pretend to be one, I am not young. I will need cash
because defendant is wasting my time.

*Id*. at 1.  Ms. Zayas says nothing further in response to the Court's questions.

This Court will dismiss a Complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).

Ms. Zayas has failed to follow the Court's Order to Show Cause in two ways—she has attached an amended pleading contrary to the Court's explicit instruction, and she has failed to answer the Court's questions.  The Response and the proposed amended complaint confirm for the Court that this case is duplicative of *DeCamp*, *supra*, and that it is otherwise frivolous.  The proper way to challenge the Court's ruling is to appeal to the Ninth Circuit, which has already happened.

The Court again warns Ms. Zayas that she has been ignoring Court Orders and filing numerous duplicative cases.  If she continues down this path, she may be deemed a vexatious litigant and barred from further frivolous filings.

Accordingly, given the above and after reviewing the relevant pleading and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's claims are DISMISSED under 28 U.S.C. § 1915(e)(2)(B).  This case is CLOSED.

DATED this 25th day of June, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER OF DISMISSAL - 5